IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REMBERT ET AL, | § | NO. 1:22-CV-1006-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| STONE, III ET AL, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |
| | § | |
| | § | |
| | § | |

ORDER ADMINISTRATIVELY CLOSING CASE

The matter before the Court is the status of this case. On February 9, 2023 the Court granted a motion to consolidate and stay the case. (Dkt. # 11.) Accordingly, upon review, the Court finds that an administrative closure of the case is appropriate at this time. An administrative closure is "a postponement of proceedings," rather than "a termination." S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V., 383 F.3d 297, 302 (5th Cir. 2004). A case that is administratively closed "may be reopened upon request of the parties or on the court's own motion." Mire v. Full Spectrum Landing, Inc., 389 F.3d 163, 167 (5th Cir. 2004).

The Clerk's office is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending further order of the Court. Though administratively

closed, this case will remain on the docket of this Court and may be reopened upon request of any party or on the Court's own motion. The parties are **ORDERED** to file a status update, or motion to reopen the case, within 90 days of the date of this Order.

    **IT IS SO ORDERED**.

    **DATED**: Austin, Texas, October 25, 2023.

_____
David Alan Ezra
Senior United States District Judge